UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-60128-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MAKAIL KNIGHT-LEWIS,

        Defendant.

_____

## DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on June 6, 2025, the undersigned held a hearing to determine whether the Defendant Makail Knight-Lewis should be detained prior to trial. At the conclusion of the hearing, the undersigned orally ordered Defendant detained. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the Defendant's appearance at trial or the safety of the community. Therefore, it is hereby ordered that Defendant Makail Knight-Lewis be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), this Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. **18 U.S.C. § 3142(g)(1) -- Nature and Circumstances of the Offense.** Defendant was charged by way of indictment with conspiracy to possess with intent to distribute 28 grams or more of cocaine base/crack cocaine and three substantive counts

of distribution of crack cocaine. The conspiracy count carries a maximum penalty of 40 years imprisonment with a mandatory minimum of five years' imprisonment.[1] The substantive counts each carry a maximum of 20 years with no minimum. A rebuttable presumption arises based upon a probable cause finding that a defendant committed an offense under Title 21 with a maximum penalty of ten years or more. 18 U.S.C. § 3142(e)(3)(A). Based upon the return of an indictment by the grand jury, *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985), as well as the proffer and evidence presented at the hearing, this Court finds that the government has established probable cause in this case, therefore the presumption applies. 18 U.S.C. § 3142(g) (1).

    2. **18 U.S.C. § 3142(g) (2) -- Weight of the Evidence**. The weight of the evidence against this Defendant is strong. At the hearing, the Government proceeded by way of proffer, with FBI Special Agent Chelsea Hibsch then made available for cross-examination. The evidence shows that Defendant and other coconspirators are allegedly members of Zone 10, a violent street gang responsible for drug distribution, identity theft and fraud, and acts of violence, including murders. According to the Broward Sheriff's Office, Knight-Lewis is a documented member of Zone 10. The gang allegedly operated multiple "trap houses," including the house at issue here. Evidence shows that on February 27, 2025, Knight-Lewis participated in the sale of 1.8 grams of crack cocaine to a confidential human source (CHS) equipped with audio/video recording equipment. On April 2, 2025, Knight-Lewis participated in the sale of 7.6 grams of crack

---

[1] The Penalty Sheet for Mr. Knight-Lewis lists the imprisonment range as 4 years – life. This appears to be an error.

cocaine to the CHS, again equipped with recording equipment. On April 8, 2025, Knight-Lewis participated the sale of 6.2 grams of crack cocaine to the CHS, again equipped with recording equipment. On May 12, 2025, law enforcement executed a search warrant on the house and recovered approximately 50 grams of crack cocaine, 120 grams of marijuana, a Taurus pistol, and about $3,000 in U.S. currency. Law enforcement is in the process of analyzing DNA to determine whether any of the coconspirators can be linked to the firearm. 18 U.S.C. § 3142(g)(2).

3. **18 U.S.C. § 3142(g)(3) -- History and Characteristics of the Defendant.** Makail Knight-Lewis was born in Hallandale Beach in 2002. He is a lifetime resident of South Florida. He currently lives in Hallandale Beach with his mother and two brothers. His mother is a USPS mail carrier. His father is a mechanic. He has an adult brother and a minor brother who both live with Defendant and his mother. Defendant earned a GED from Henry Perry Education Center. He is unemployed. He reports to be in good physical health and has no history of mental health issues. He reports using cannabis daily and Percocet weekly. His criminal history dates to the age of 13. He has multiple juvenile commitments, and an adult conviction for possession of a firearm by a delinquent. He has also been issued a warrant for failure to appear and has had probation revoked. He has a pending state case for possession of a controlled substance. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. **18 U.S.C. § 3142(g)(4) -- Danger to any Person or the Community.** Based on the statutory presumption and the unrebutted evidence, which showed Defendant delivered crack cocaine on three separate occasions, coupled with his criminal

record and credible evidence that he is affiliated with a violent gang, the undersigned finds that Defendant poses a danger to the community. Based upon the statutory presumption and the unrebutted evidence, the lengthy sentence he is facing, and his previous capias warrants and probation revocations, the undersigned also finds that Defendant poses a risk of flight.   18 U.S.C. § 3142(g)(4).

5.   Based upon the above findings of fact, which were supported by the appropriate evidentiary standards (clear and convincing for danger to the community; preponderance for risk of flight), the undersigned specifically finds that there are no conditions or combination of conditions of release that reasonably will assure Defendant's appearance at trial or the safety of the community.   18 U.S.C. § 3142(e).

The Court hereby directs:

(a)   That the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b)   That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

(c)   That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 13th day of June, 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies to:   All counsel of record