IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA,
Plaintiff,

vs.

Case No.: 25-60128-CR-WPD

MAKAIL MALIK KNIGHT-LEWIS,
Defendant.

### *DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE*

COMES NOW, the defendant, MAKAIL MALIK KNIGHT-LEWIS, by and through undersigned counsel, and respectfully submits this sentencing memorandum and request for a downward variance to a sentence of 29 months imprisonment[1] pursuant to 18 U.S.C. §3553(a).  As grounds in support thereof the defense would state the following:

### ANALYSIS OF THE FACTORS UNDER 18 U.S.C. §3553(a)

The advisory sentencing guidelines are just one factor the Court must consider in imposing sentence. Title 18 U.S.C. §3553(a) provides that:

---

1 If Mr. Knight-Lewis' objections to the PSR are sustained, his guideline level would be 37-46 months based on an offense level of 19 and a criminal history category of III

The Court shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the sentence to be imposed, shall consider-

(1) the nature of the circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the applicable category of offense committed by the applicable category of defendant as set forth in the Guidelines....

(5) any pertinent [Guidelines] policy statements....

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense
18 U.S.C. §3553(a)(Emphasis added.)

    Mr. Knight-Lewis respectfully requests the Court consider the following factors in imposing a sentence of 29 months imprisonment:

**(1) The history and characteristics of Mr. Knight-Lewis/Nature and circumstances of the Offense**

Mr. Knight-Lewis is only twenty-three years old. ECF 155 ¶ 74. He was born and raised in South Florida and grew up in Hallandale Beach in a single-parent household. *Id.* His father was largely absent during his upbringing, leaving his mother to raise him and his siblings on her own. *Id.* ¶ 75. Despite those challenges, his family remained close. Mr. Knight-Lewis speaks with his mother daily, and she continues to support him through these proceedings. *Id* ¶ 74.

From a young age, family was central in Mr. Knight-Lewis's life. ECF 189-5. He stayed active in sports—particularly football and basketball—and looked up to coaches as mentors while growing up. *Id.* ¶ 75. His godmother, Erika Dacey, who has known him since the day he was born, describes him as a loving and affectionate child raised in a close-knit family. ECF 189-5. Ms. Dacey explains that the loss of important male figures in his life had a profound impact on him, but that even as a young man he stepped up to help support his mother and family during difficult times. *Id.*

His brother, Rasheed Knight, describes Makail as someone who brings "light and positivity" to those around him and who deeply regrets the decisions that led to

this case. ECF 189-2. Mr. Knight's brother has seen firsthand the effect that this experience has had on him and believes it has fundamentally changed how he views his future. *Id.*

Mr. Knight's mother, Tahira Knight-Lewis, describes a son who excelled in sports, helped his teammates, and consistently showed compassion for others. ECF 189-1. She also explains that Makail helped around the house and understood the sacrifices required to raise children as a single parent.

The sentencing letters demonstrate that Mr. Knight-Lewis has a strong and supportive family that stands ready to help him rebuild his life once he is released from prison, thereby lowering the risk for recidivism. The PSI confirms that he has a stable place to return to upon release at his mother's home. ECF 155 ¶ 77.

Finally, the nature and circumstances of the offense warrant the requested 29 month sentence. Mr. Knight-Lewis was a low-level individual dealing in street level quantities of crack cocaine. Mr. Knight-Lewis admitted to participating in selling $40 worth of crack cocaine on one occasion and $200 worth of crack cocaine on two other occasions to the CHS. *Id.* ¶ 27.

**(6) The need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct**

Two similarly situated co-defendants in this case, Mr. Grier and Mr. Handspike, both received downward variances from their guideline range  Mr. Knight-Lewis is similarly situated to Mr. Grier and Mr. Handspike and is deserving of a downward variance.  According to JSIN, similarly situated defendants with an offense level of 19 and a criminal history of III received an average sentence of 29 months for similar crack-cocaine offenses nationwide.  See Exhibit A.  Mr. Knight-Lewis is respectfully requesting this Court treat him the same as these other defendants and impose the average sentence of 29 months imprisonment.

WHEREFORE Mr. Knight-Lewis respectfully requests that a sentence of 29 months  imprisonment is sufficient, but not greater than necessary in this case.

Respectfully submitted,

s/ Gennaro Cariglio Jr.
Gennaro Cariglio Jr.
8101 Biscayne Blvd.
Petnthouse 701
Miami, FL 33138
(305) 899-0438
Florida Bar No.: 51985
Attorney for the Defendant
Sobeachlaw@aol.com